■ MICHAEL MENDELSON et al., Respondents, v MARIE M. ADLER et al., Appellants.—In an action, *inter alia,* to compel specific performance of a contract for the sale of real property, the appeal is from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated August 30, 1985, as denied her motion for summary judgment dismissing the complaint as against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from several disputes as to the rights of the parties under certain leases, lease renewal options, and purchase options pertaining to a medical arts building located in Port Jefferson Station. The leases and options were entered into between the plaintiffs, who are doctors, and Murray Adler, the predecessor in interest of the defendant Marie M. Adler.

The first dispute arose in January 1983 when, in response to the plaintiffs Mendelson and Rosenthal giving untimely written notice of their exercise of the lease renewal option, Mickey Adler, the then successor in interest to Murray Adler, informed Mendelson and Rosenthal that he deemed them to be month-to-month tenants and elected to terminate their tenancy as of March 1, 1983. However, Mendelson and Rosenthal continued to remain on the premises despite the uncertain status of their tenancy. The second dispute arose in October 1983 when all three plaintiffs informed the defendant Adler that they were exercising their options to purchase the build-

ing in accordance with their respective option agreements. Adler refused to sell to the plaintiffs, and the plaintiffs commenced this action by summons dated December 28, 1983. Thereafter, the defendant Adler sold the building to the defendant Triport, Inc. (hereinafter Triport). Triport then made an offer to sell the building to the plaintiffs, which was rejected by the plaintiffs as inconsistent with the proposed contracts of sale that they had been given with their options to purchase.

The contentions raised by the plaintiffs at Special Term in opposition to the defendant Adler's motion for summary judgment dismissing the complaint as against her are sufficient to establish the existence of triable issues of fact. The triable issues include whether the purchase options entered into between the plaintiffs and Murray Adler, which do not explicitly state that the plaintiffs must be tenants pursuant to the lease in order to exercise the options, must be interpreted as though they explicitly so state, whether the plaintiff Hiller had power to exercise his purchase option so as to excuse noncompliance, if any, by Mendelson and Rosenthal with the terms of their purchase option, and whether the rejection by the plaintiffs of Triport's offer to sell constitutes a repudiation of whatever rights the plaintiffs had to purchase the building. In light of the existence of these triable issues of fact, the denial of the defendant Adler's motion for summary judgment dismissing the complaint as against her was correct. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.